# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FARLEY and ANN MARIE FARLEY, | : | No. 3:12cv1661 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| EIHAB HUMAN SERVICES, INC., | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant EIHAB Human Services, Inc.'s motion to dismiss plaintiffs' complaint. The motion seeks dismissal of the complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of jurisdiction; specifically, for plaintiffs' failure to exhaust administrative remedies.[1] The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Robert Farley was born in 1950. (Doc. 1, Compl. ¶ 10). Plaintiff was employed by St. Michael's School of the Diocese of Scranton

---

[1]This case is the consolidation of two cases with two separate complaints. Robert Farley filed one complaint alleging age discrimination docketed at No. 3:12cv1661 and Ann Marie Farley filed the other age discrimination complaint docketed at No. 3:12cv1662. For clarification and simplification, we will sometimes refer to a "complaint" and at other times to "complaints" depending on the context.

beginning in 1978. He held various positions with the school until December 15, 2010, at which time his job title was "social worker." (Id. ¶¶ 13-14).

Defendant EIHAB Human Services, Inc. (hereinafter "EIHAB") purchased the assets of St. Michael's School effective December 15, 2010. (Id. ¶ 18). St. Michael's School dismissed all of its employees as of the effective date of the sale, and prior to the sale's effective date, EIHAB solicited employment applications from all of the school's employees. (Id. ¶ 20).

Defendant hired all of the social workers who had been on the school's staff except for plaintiff, the oldest social worker on the St. Michael's School staff. (Id. ¶¶ 22, 26). He brought suit against EIHAB asserting that he was not hired because of his age. He alleges a violation of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). (Id. ¶¶ 33-39, 41-43). As damages, Plaintiff Robert Farley seeks a declaration that defendant has engaged in discriminatory acts, back pay, liquidated damages, pre-judgment interest, reasonable attorneys' fees and reinstatement to his former position. (Id. ¶ 40).

Plaintiff Ann Marie Farley likewise worked at St. Michael's School. (Case No. 3:12cv1662, Doc. 1, Compl.). She was born in 1948, and she began working for St. Michael's School in 1979. She worked there until

the sale of the school to EIHAB on December 15, 2010. (Id. ¶¶ 10, 13). At the time of the sale, she served as an administrative assistant. (Id. ¶ 14). Plaintiff Ann Marie submitted an employment application to EIHAB, but EIHAB did not select her for continued employment after the sale. (Id. ¶ 20). EIHAB chose a person approximately thirty (30) years younger than plaintiff to serve as administrative assistant. (Id. ¶ 23). Based upon these allegations, plaintiff brought suit against EIHAB alleging age discrimination in violation of the ADEA and the PHRA. (Id. ¶¶ 29-36, 37-39). She seeks the same types of damages that Plaintiff Robert Farley seeks, including back pay and reinstatement. (Id. ¶ 36).

Defendant moves to dismiss both complaints pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's argument is that plaintiffs have failed to exhaust their administrative remedies as is required to bring an age discrimination claim. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

As plaintiffs bring suit pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiffs' state law claim pursuant to 28

3

U.S.C. § 1367.

**Legal Standard**

Defendant moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Rule 12(b)(6) is invoked when a plaintiff fails to state a claim upon which relief can be granted.

The basis of defendant's motion is an alleged failure to exhaust administrative remedies. The Third Circuit Court of Appeals has explained that failure to exhaust does not affect this court's subject matter jurisdiction. Anjelino v. N.Y. Times, Inc., 200 F.3d 73, 87 (3d Cir. 1999). Thus, instead of applying Rule 12(b)(1), the court examines exhaustion of administrative remedies under the Rule 12(b)(6) standard. Id.

A 12(b)(6) motion challenges the sufficiency of the complaint's allegations. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to

4

the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Before commencing a civil action to assert age discrimination under the ADEA, potential plaintiffs must exhaust their administrative remedies. The ADEA provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). Similarly, 29 U.S.C. § 633 provides that suit cannot be brought until sixty days after proceedings have been started under any State law that prohibits age discrimination. 29 U.S.C. § 633(b).

In the instant case, it is undisputed that the plaintiffs did in fact file charges of unlawful age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Defendant asserts that these charges, however, were insufficient to exhaust administrative remedies because they were

filed against St. Michael's School, and not Defendant EIHAB. Moreover, the charges of discrimination involved wrongful termination, not wrongful failure to hire. A charge filed with the EEOC against St. Michael's School for wrongful termination, does not exhaust administrative remedies with regard to a charge against EIHAB for wrongful failure to hire, according to the defendant. Plaintiffs disagree and contend that their charges of discrimination were sufficient to exhaust administrative remedies with respect to EIHAB for its failure to hire the plaintiffs. After a careful review, we agree with the plaintiffs.

Prior to addressing the parties' arguments, we note that the Third Circuit Court of Appeals has explained that the exhaustion of administrative remedies doctrine is meant to be more of a practical doctrine than a doctrine aimed at providing substantive justice. Specifically, the court has stated:

> Although it is a 'basic tenet' of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice in the manner contemplated by the District Court. The rule is meant to 'provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record.' Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997)."

Anjelino, 200 F.3d at 88. This law will guide the court in considering whether to dismiss plaintiffs' complaints for failure to exhaust.

6

EIHAB argues that the plaintiffs charges of discrimination filed with the EEOC alleged wrongful termination against St. Michael's School and not wrongful failure to hire against EIHAB. We disagree, and will discuss separately each plaintiff beginning with Plaintiff Ann Marie Farley.

The charge filed by Plaintiff Ann Marie makes clear that she is complaining of not being hired by EIHAB when it acquired St. Michael's School. The charge is replete with references to EIHAB and its failure to hire her. For example, it notes that her husband was called by Andrew M. Varzaly, on December 15, 2010,who informed him that EIHAB was not offering employment to her. (Doc. 12-1, in 3:12cv1662, Pl's Ex. A). The charge is addressed to "Mr. Andrew Varzaly" as "Director of Operations St. Michael's School." (Id.) Varzaly was retained by EIHAB as a Vice President of Operations. (Id.) The charge notes that EIHAB's associate executive director met with Varzaly prior to the sale to plan who would be rehired by EIHAB. (Id.) She also alleged that "99%" of the staff that was not rehired had at least twenty years of service. (Id.) She complains of not being "retained" by EIHAB. (Id.) While defendant is correct that at times plaintiff does use the word "discharged" instead of "not hired," a fair reading of the complaint reveals clearly that plaintiff's complaint is that EIHAB did not hire her. Thus, although, the charge may have been made against "St. Michael's School" the body of the complaint reveals that plaintiff actually was complaining about "EIHAB." P

Moreover, plaintiff filed her charge in January 2011.  In February 2011, she sent a letter to the EEOC clarifying that EIHAB owned St. Michael's School.  (Doc. 12-2, Pl's Ex. B).  She further asked whether the charge should be made against EIHAB Human Services a.k.a. St. Michael's School.  (Id.) The letter reveals that she was concerned about the correspondence regarding her charge being sent to the correct entity.  Notice of the charge was sent to Andrew Varzaly who was listed as the school's director of operations.  (Doc. 12-1, Ex. A).  At the time, although Varzaly was no longer the director of operations of St. Michael's School, as noted above, he was a Vice President for EIHAB, the entity that bought St. Michael's School.

Based upon all these facts, it appears that Plaintiff Ann Marie has exhausted her administrative remedies with regard to her claims against EIHAB.  To hold otherwise would elevate form above substance.  See, e.g., DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 431 (E.D. Pa. 2007) (holding that plaintiff had exhausted claims against parent corporation where parent corporation was discussed in the EEOC charge even though it was not named as the respondent in the charge or served with that charge).

Further, as explained above, the purpose of exhaustion is to allow us to benefit from an agency's expertise and serve judicial economy by creating a factual record.  In the instant case, no evidence has been

presented that the EEOC did anything on the underlying charge that would benefit the court's review of this case.

At its most basic, the error made by the Plaintiff Ann Marie Farley in filing her pro se charge with the EEOC was listing St. Michael's School as the respondent. Plaintiff attempted to correct this error by notifying the EEOC a month later that the respondent should be EIHAB. It is unclear whether the EEOC took any action to remedy this error after plaintiff brought it to its attention. If they did not, we cannot hold such failure to act against the plaintiff. See, e.g., DeLa Cruz, 521 F. Supp. 2d at 431-32 (explaining that an employment discrimination complainant is not held responsible when the EEOC fails to perform its statutory duties).

All of these facts are also present with regard to Plaintiff Robert's EEOC charge. (See Doc. 9-1, 9-2 & 9-3, Pl. Robert Farley's Ex. A-C) That is his EEOC charge complains of EIHAB's failure to hire him. (Doc. 7-1, EEOC charge at 4 ("EIHAB was not offering employment to me[.]"). He indicates that he was the only social worker EIHAB did not retain, and that other younger workers were allowed to keep their positions. (Id.) Additionally, he too queried the EEOC as to whether "EIHAB Human Services a.k.a. St. Michael's School" should be the party charged. (Doc. 9-2, Letter to EEOC dated Feb. 1, 2011). Thus, under the same analysis,

the motion to dismiss his case will also be denied. [2]

**Conclusion**

For the reasons set forth above, we find that plaintiffs have exhausted their administrative remedies. The defendant's motions to dismiss will thus be denied. An appropriate order follows.

---

[2] Defendant also argues that plaintiffs cannot bring any claims that are not fairly within the scope of the EEOC charge or the investigation which could reasonably be expected to arise therefrom. We are unconvinced by defendant's argument that dismissal is appropriate. The law defendant cites generally applies when a plaintiff files a complaint with a district court after proceeding with the EEOC, and in that complaint asserts new facts or raises new claims based upon occurrences that came after the filing of the EEOC complaint. In such a situation, the Third Circuit has allowed "suits based on new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint, without requiring the victim to file additional EEOC complaints and wait another 180 days to sue." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). To the extent that this law does apply to the factual situation presented in the instant case, the acts plaintiffs complain of in their complaint are the same as they complain of in the EEOC charge, thus, the acts alleged in the complaint are indeed fairly within the scope of any investigation that the EEOC would have made.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FARLEY and<br>ANN MARIE FARLEY, | : | No. 3:12cv1661 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| EIHAB HUMAN SERVICES, INC., | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 22nd day of May 2013, the defendant's motions to dismiss (Doc. 4 in 3:12cv1661 & Doc. 5 in 3:12cv1662) are hereby **DENIED**.

BY THE COURT:


s/ James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**